**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MAYOR AND CITY COUNCIL OF BALTIMORE, | |
| *Plaintiff*, | |
| v. | Case No. 1:19-cv-01103 |
| ALEX M. AZAR II, in his official capacity as the Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; DIANE FOLEY, M.D., in her official capacity as the Deputy Assistant Secretary, Office of Population Affairs; OFFICE OF POPULATION AFFAIRS, | |
| *Defendants*. | |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The Mayor and City Council of Baltimore ("Baltimore" or "the City") hereby

respectfully requests, pursuant to Federal Rule of Civil Procedure 65(a)(1), that on or before

May 3, 2019, the Court issue a preliminary injunction preventing Defendants Alex M. Azar II,

Secretary of the Department of Health and Human Services; the U.S. Department of Health and

Human Services ("HHS"); Diane Foley, Deputy Assistant Secretary for Population Affairs; and

the Office of Population Affairs ("OPA"), from putting into effect certain provisions of an HHS

Final Rule entitled *Compliance with Statutory Program Integrity Requirements*, 84 Fed. Reg.

7,714 (Mar. 4, 2019), *to be codified at* 42 C.F.R. Part 59.  The Final Rule amends the regulations

developed to administer the Title X Family Planning Program ("Title X"), and many of its

provisions go into effect on May 3, 2019.

Preliminary injunctive relief is warranted—(1) Plaintiff is likely to succeed on the merits of its claims; (2) the Final Rule will immediately irreparably harm Plaintiff, its residents, and its patients; and (3) the public interest and balance of equities favor a preliminary injunction.

The Plaintiff has a strong likelihood of success on the merits. Several provisions of the Final Rule are contrary to law because they violate an annual appropriations rider known as the Non-Directive Mandate (most recently reenacted in September 28, 2018, *see* Pub. Law. No. 115-245, Title II, 132 Stat. 2981, 3070-71), violate the Affordable Care Act's Non-Interference Mandate, 42 U.S.C. § 18114, and exceed HHS's statutory authority under Title X. The Final Rule is also arbitrary and capricious and was adopted without observance of procedure required by law. *See* 5 U.S.C. §§ 706(2)(A), (D).

The Final Rule will also cause immediate irreparable harm. If the Final Rule takes effect, the City will have no choice but to withdraw from Title X entirely, requiring the City to divert scarce funds from other critical City services, and curtail reproductive health services. The regulations also endanger women's lives and health by preventing them from receiving complete and accurate medical information, and interfere with the doctor-patient relationship by prohibiting information that medical professionals are otherwise ethically and legally required to provide to their patients.

The public interest also favors an injunction. Title X prevents thousands of unplanned pregnancies each year, which saves city and state governments, and the federal government, millions of dollars annually. Additionally, the current regulations have been in effect almost continuously for nearly 50 years. At minimum, the public interest favors temporarily preserving the status quo.

Plaintiff requests that the Rule be enjoined in full to provide Plaintiff with necessary and appropriate relief.  Alternatively, Plaintiff requests that the Court stay the effective date of the Rule under 5 U.S.C. § 705 pending adjudication of this case on the merits.  This Motion is supported by the contemporaneously filed Memorandum of Law, the accompanying declarations, and any additional submissions that may be considered by the Court.

Dated:  April 16, 2019

By:  */s/ Andre M. Davis*
Andre M. Davis #00362
*City Solicitor*

Suzanne Sangree #26130
*Senior Counsel for Public Safety &*
    *Director of Affirmative Litigation*

CITY OF BALTIMORE
    DEPARTMENT OF LAW
City Hall, Room 109
100 N. Holliday Street
Baltimore, MD 21202
443-388-2190
andre.davis@baltimorecity.gov
suzanne.sangree2@baltimorecity.gov

Priscilla J. Smith (*pro hac vice* pending)
Faren M. Tang (*pro hac vice* pending)
REPRODUCTIVE RIGHTS &
    JUSTICE PROJECT
YALE LAW SCHOOL
319 Sterling Place
Brooklyn, NY 11238
priscilla.smith@ylsclinics.org
127 Wall Street
New Haven, CT
faren.tang@ylsclinics.org

Stephanie Toti (*pro hac vice* pending)
LAWYERING PROJECT
25 Broadway, Fl. 9
New York, NY 10004
646-490-1083
stoti@lawyeringproject.org

Respectfully submitted,

**ARNOLD & PORTER**
    **KAYE SCHOLER LLP**

Andrew T. Tutt (*pro hac vice* pending)
Drew A. Harker (*pro hac vice* pending)
Allyson Himelfarb #13929
ARNOLD & PORTER
    KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
(202) 942-5999 (fax)
andrew.tutt@arnoldporter.com
drew.harker@arnoldporter.com
allyson.himelfarb@arnoldporter.com

Marisa A. White (*pro hac vice* pending)
ARNOLD & PORTER
    KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-8000
(303) 836-8689 (fax)
marisa.white@arnoldporter.com

*Counsel for Mayor and City Council of Baltimore*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of electronic filing.

*/s/ Andre M. Davis*
Andre M. Davis
*City Solicitor*

CITY OF BALTIMORE
  DEPARTMENT OF LAW
City Hall, Room 109
100 N. Holliday Street
Baltimore, MD 21202
443-388-2190
andre.davis@baltimorecity.gov