IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAYOR AND CITY COUNCIL
OF BALTIMORE,

    Plaintiff,

v.      Civil Action No.: RDB-19-1103

ALEX M. AZAR II, Secretary of Health
and Human Services, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On May 30, 2019, this Court issued an Order preliminarily enjoining the Health and Human Services Final Rule ("Final Rule"), entitled *Compliance with Statutory Program Integrity Requirements*, 84 Fed. Reg. 7,714 (Mar. 4, 2019), *to be codified at* 42 C.F.R. Part 59, as to enforcement in the State of Maryland. (ECF No. 44.) Defendants have filed an interlocutory appeal and seek a stay of the preliminary injunction pending the appeal of the Order. (*See* ECF Nos. 48, 49.)[1] For the following reasons, this Court shall DENY Defendants' Motion for Stay of Injunction Pending Appeal (ECF No. 49).

## STANDARD OF REVIEW

The factors regulating the issuance of a stay under Fed. R. Civ. P. 62 (c) are similar to those that guide the court when evaluating whether a preliminary injunction should issue: "(1)

---

[1] Defendants also request that this Court rule on this motion expeditiously, either by denying summarily without response from Plaintiff, or ruling on the motion no later than June 20, 2019. (Mot. Mem. 2, 12, ECF No. 49-1.) This Court is in receipt of Plaintiff's response (ECF No. 55) and hereby issues its ruling within the requested timeframe, without a hearing. *See* Local Rule 105.6 (D. Md. 2018).

whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Long v. Robinson*, 432 F.3d 977, 979 (4th Cir. 1970); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (requiring a movant for a preliminary injunction to show that: (1) the movant is likely to succeed on the merits; (2) the movant is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities favors the movant; and (4) that an injunction is in the public interest). A stay is not a "matter of right" but rather, "an exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).

## ANALYSIS

As discussed in this Court's Memorandum Opinion issued only seven days prior to the filing of the instant motion, the Final Rule likely violates existing laws passed by the United States Congress. (ECF No. 43 at 2-3, 18-20.) After reviewing extensive briefing and hours of oral argument, this Court found that Plaintiff established a likelihood of irreparable harm unless the Final Rule is enjoined, and the balance of equities and public interest weighed in favor of the issuance of a preliminary injunction. (*Id.* at 25-26.) Accordingly, this Court issued a preliminary injunction on May 30, 2019. (*Id.* at 28.) Since that time, there has been no change in the record to justify a different result.[2] Defendants largely rely on the same

---

[2] Notably, the Government has moved to stay each preliminary injunction issued against it in the corresponding Title X cases in other jurisdictions, and each United States District Court has denied the Government's motion in their jurisdiction. *See Oregon v. Azar*, Case No. 19-cv-00317-MC, ECF No. 152 (D.

2

arguments made in opposition to the motion for a preliminary injunction. (*See* Mot. Mem. *passim*, ECF No. 49-1.) This Court respectfully disagrees with Defendants regarding the probability of success on appeal.

Defendants also assert that this Court's injunction is overbroad in two respects: (1) the injunction applies to the State of Maryland rather than simply the City of Baltimore, or possibly the City of Baltimore and its sub-grantees operating in the City; and (2) despite the Final Rule's severability statement, the entire Final Rule was enjoined, including provisions that were not challenged. (Mot. Mem. 7-8, ECF No. 49-1.) As noted in its Memorandum Opinion, when this Court reviewed the scope of the injunction, it considered that the City of Baltimore will be impacted by loss of funding in neighboring communities as well as neighboring States. (ECF No. 43 at 25, 26-27.) Enjoining enforcement within the State of Maryland is narrowly tailored to avoid irreparable harm to the Plaintiff. Finally, this Court recognizes the Final Rule's severability provision and that Plaintiff did not challenge every aspect of the Final Rule. However, based on the record before it at this time, there is no clear delineation of which aspects of the Rule could or should be severed from the injunction. Preliminarily enjoining the enforcement of the Final Rule wholesale at this time best achieves the purpose of the injunction—"preserv[ing] the relative positions of the parties" pending final resolution of this case on the merits. *United States v. South Carolina*, 720 F.3d 518 (4th Cir. 2013)

Accordingly, this Court declines to exercise its discretion to stay the preliminary injunction pending appeal and will deny the motion.

---

Ore. May 6, 2019); *California v. Azar*, Case No. 19-cv-01184EMC, Case No. 19-cv-01195-EMC, 2019 WL 2029066 (N.D. Cal. May 8, 2019); *Washington v. Azar*, Case No. 1:19-cv-03040-SAB, ECF No. 82 (E.D. Wash. Jun. 3, 2019).

## CONCLUSION

For the reasons stated above, IT IS this 19th day of June 2019, HEREBY ORDERED:

1. Defendants' Motion for Stay of Injunction Pending Appeal (ECF No. 49) is DENIED;

2. That the Clerk of the Court transmit copies of this Order and accompanying Memorandum Opinion to counsel for both parties.

*/s/ Richard D. Bennett*

Richard D. Bennett
United States District Judge