IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2020 FEB 26 PM 1:06
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

| | |
|---|---|
| MAYOR AND CITY COUNCIL OF BALTIMORE, | * |
| Plaintiff, | * |
| v. | * Civil Action No.: RDB-19-1103 |
| ALEX M. AZAR II, Secretary of Health and Human Services, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

On February 14, 2020, this Court entered a Memorandum Opinion and Order permanently enjoining in the State of Maryland the Health and Human Services Final Rule, entitled *Compliance with Statutory Program Integrity Requirements*, 84 Fed. Reg. 7,714 (Mar. 4, 2019), *codified at* 42 C.F.R. Part 59 ("Final Rule"). (ECF Nos. 93, 94.) On February 24, 2020, the Defendants filed a Notice of Appeal in the United States Court of Appeals for the Fourth Circuit. (ECF No. 95.) The same day, Plaintiff filed a Motion to Clarify the Judgment, seeking clarity from the Court that the February 14, 2020 judgment vacated and set aside the Final Rule. (ECF No. 96.) Further briefing is not necessary. For the reasons stated below, Plaintiff's Motion to Clarify (ECF No. 96) is GRANTED in that the Final Rule is VACATED AND SET ASIDE in the State of Maryland.

While Defendants' Notice of Appeal divests this Court of "jurisdiction of all matters relating to the appeal," that rule "is not absolute." *See In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir. 1991). This Court retains jurisdiction "to correct clerical

mistakes" or to consider matters "in aid of the appeal." *See DuBuit v. Harwell Enters.*, 540 F.2d 690, 693 (4th Cir. 1976); *see also United States v. Abdel-Aziz*, 67 Fed. App'x 805, 806 (4th Cir. 2003). "A ruling aids the appeal when it 'simply memorialize[s] the district court ruling'" or "when it 'reliev[es] [the Fourth Circuit] from considering the substance of an issue begotten merely from imprecise wording' in an earlier order." *United States v. McLean*, Criminal No. WDQ-10-0531, 2012 WL 259322, at *2 (D. Md. Jan. 25, 2012) (quoting *In re Grand Jury Proceedings*, 947 F.2d at 1190)); *see also Lytle v. Griffith*, 240 F.3d 404, 408 n.2 (4th Cir. 2001) (order clarifying which defendants were enjoined aided the appeal by resolving an issue from the "imprecise wording in the [original] injunction").

In this case, Plaintiff seeks an Order clarifying that the Court's Memorandum Opinion and Order vacated and set aside the Final Rule. While the Court did not explicitly state that the Final Rule was vacated and set aside in Maryland, vacatur in the State of Maryland was the precise effect of the ruling. (*See* Mem. Op. at 25, ECF No. 93 ("In this case...the Court is compelled to set aside the Final Rule as arbitrary and capricious.").); *see also* 5 U.S.C. § 706(2)(A) (the APA requires a reviewing court to "hold unlawful and set aside agency action ...found to be... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"); Black's Law Dictionary (11th ed. 2019) (defining "vacatur" as the "act of annulling or setting aside"). Accordingly, this Court is not divested of jurisdiction to enter this Memorandum Order, which "simply memorializes" what is implicit from its February 14, 2020 Memorandum Opinion and Order.

For the reasons stated above, IT IS this 26th day of February 2020, HEREBY ORDERED:

2

1. Plaintiff's Motion to Clarify the Judgment (ECF No. 96) is GRANTED;

2. Specifically, the Court clarifies that its February 14, 2020 Memorandum Opinion (ECF No. 93) and Order (ECF No. 94) VACATED AND SET ASIDE IN THE STATE OF MARYLAND the Health and Human Services Final Rule, entitled *Compliance with Statutory Program Integrity Requirements*, 84 Fed. Reg. 7,714 (Mar. 4, 2019), *codified at* 42 C.F.R. Part 59; and

3. The Clerk of this Court shall transmit copies of this Memorandum Order to Counsel of record.

_____
Richard D. Bennett
United States District Judge