FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2020 MAR -4 AM 10: 37
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAYOR AND CITY COUNCIL
OF BALTIMORE,

    Plaintiff,

v.          Civil Action No.: RDB-19-1103

ALEX M. AZAR II, Secretary of Health
and Human Services, *et al.*,

    Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

On February 14, 2020, this Court issued an Order entering judgment in favor of Plaintiff and permanently enjoining the Health and Human Services Final Rule ("Final Rule"), entitled *Compliance with Statutory Program Integrity Requirements*, 84 Fed. Reg. 7,714 (Mar. 4, 2019), *codified at* 42 C.F.R. Part 59, as to enforcement in the State of Maryland.[1] (ECF No. 94.) Defendants have filed an appeal and seek a stay of the permanent injunction pending the appeal of the Order. (*See* ECF Nos. 95, 100.)[2] For the following reasons, this Court shall DENY Defendants' Motion for Stay of Judgment Pending Appeal (ECF No. 100).

---

[1] On February 26, 2020, this Court clarified that its February 14, 2020 Memorandum Opinion (ECF No. 93) and Order (ECF No. 94) vacated and aside the Final Rule in the State of Maryland. (ECF No. 99 at 2-3.) In its Opposition to Defendants' Motion to Stay Judgment Pending Appeal, Plaintiff "urges the Court to further clarify that the Rule has been vacated without limitation." (ECF No. 101 at 2 n.1.) Plaintiff does not explain the meaning of "without limitation," and this Court has been explicit that the scope of the injunction is limited to the State of Maryland. (*See* ECF Nos. 93, 94, 101.)

[2] Defendants also request that this Court rule on this motion expeditiously, either by denying summarily without response from Plaintiff, or ruling on the motion no later than March 6, 2020. (Mot. Mem. at 2, 14-15, ECF No. 100-1.) This Court is in receipt of Plaintiff's response (ECF No. 101) and hereby issues its ruling within the requested timeframe, without a hearing. *See* Local Rule 105.6 (D. Md. 2018).

## STANDARD OF REVIEW

The factors regulating the issuance of a stay under Fed. R. Civ. P. 62 (c) are similar to those that guide the court when evaluating whether a preliminary injunction should issue: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Long v. Robinson*, 432 F.3d 977, 979 (4th Cir. 1970); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (requiring a movant for a preliminary injunction to show that: (1) the movant is likely to succeed on the merits; (2) the movant is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities favors the movant; and (4) that an injunction is in the public interest). A stay is not a "matter of right" but rather, "an exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).

## ANALYSIS

As discussed in this Court's Memorandum Opinion of February 14, 2020, the Final Rule is arbitrary and capricious, being inadequately justified and objectively unreasonable. (ECF No. 93 at 2-3, 16-25.) After reviewing extensive briefing, listening to oral argument, and conducting a thorough review of the Administrative Record, this Court found that the Final Rule as promulgated violates the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*, in that it is arbitrary and capricious. (*Id.*) Accordingly, this Court issued a permanent injunction on February 14, 2020, setting aside and vacating the Final Rule in the State of Maryland. (*Id.*;

ECF Nos. 94, 99.) Since that time, there has been no change in the record before this Court to justify a different result. Defendants cite the United States Court of Appeals for the Ninth Circuit's en banc opinion which found that the Final Rule "is not arbitrary and capricious because HHS properly examined the relevant considerations and gave reasonable explanations." *See California v. Azar*, ---F.3d---, 2020 WL 878528, at \*26 (9th Cir. Feb. 24, 2020). In addition, Defendants rely on the same arguments made in opposition to the motion for a preliminary injunction, the same arguments made in support of their motion to stay the preliminary injunction, and the same arguments made in their summary judgment briefing. (*See* ECF Nos. 25, 49, 82, 83, 90.) This Court respectfully disagrees with Defendants regarding the probability of success on appeal, and briefly addresses its reasoning below.

As a preliminary matter, the Ninth Circuit's ruling has no binding effect on this Court, which is guided by the United States Court of Appeals for the Fourth Circuit. Moreover, the Ninth Circuit's finding that the Final Rule was not arbitrary and capricious was based on an incomplete review of the Administrative Record, as recognized by the majority. *See California*, 2020 WL 878528, at \*10 n.11 ("Although the parties did not submit the full administrative record (which includes over 500,000 public comments) to the district courts, all public comments made during the rulemaking process are available online...Accordingly, we conclude that the record before us is sufficient to resolve plaintiffs' arguments that aspects of the Final Rule are arbitrary and capricious.") In any event, the Ninth Circuit's ruling does not make it any more likely that Defendants will succeed on the merits of its appeal in the Fourth Circuit.

Defendants also assert that this Court's injunction is overbroad in two respects: (1) despite the Final Rule's severability statement, the entire Final Rule was enjoined, including provisions that were not challenged; and (2) the injunction applies to the State of Maryland, rather than simply the City of Baltimore. As noted in its Memorandum Opinion, the Court enjoined the entirety of the Final Rule because Defendants did not explain how the provisions could or should be severed, nor did Defendants argue that HHS would have promulgated the rule in the absence of the challenged portions. (ECF No. 93 at 34-36.) The Court also explained that a permanent injunction limited to Maryland is narrowly tailored to avoid irreparable harm to Baltimore City, as Baltimore city is close in proximity to multiple other States and municipalities whose people make use of its health system. (*Id.* at 26.)

Finally, the balance of irreparable harm weighs in favor of Plaintiff. Defendants have not identified any irreparable injury in the absence of the stay. Indeed, the harm would lie with Plaintiff if the Court entered a stay. For the first time in 50 years, Baltimore City had to withdraw from the Title X funding program as a result of the Final Rule. (*See* ECF No. 101 at 9.) As a result of this Court's injunction, Baltimore City intends to reenter the program immediately once it is clear that compliance with the Rule is no longer a condition to receiving funds. (*Id.*)

In sum, this Court declines to exercise its discretion to stay its Order entering judgment in favor of Plaintiff and vacating and permanently enjoining the Final Rule in the State of Maryland. Accordingly, the Court will deny Defendants' motion.

## CONCLUSION

For the reasons stated above, IT IS this 4th day of March 2020, HEREBY ORDERED:

1. Defendants' Motion for Stay of Judgment Pending Appeal (ECF No. 100) is DENIED; and

3. That the Clerk of the Court transmit copies of this Memorandum Order to counsel for both parties.

*/s/ Richard D. Bennett*
Richard D. Bennett
United States District Judge

5