IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MAYOR AND CITY COUNCIL OF BALTIMORE,<br><br>*Plaintiff*,<br><br>v.<br><br>ALEX M. AZAR II, in his official capacity as the Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; DIANE FOLEY, M.D., in her official capacity as the Deputy Assistant Secretary, Office of Population Affairs; OFFICE OF POPULATION AFFAIRS,<br><br>*Defendants*. | Case No. 1:19-cv-01103-RDB |

## **PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff Mayor and City Council of Baltimore ("Baltimore City" or the "City") respectfully moves the Court to amend the summary judgment order it entered on February 14, 2020, as clarified by its order of February 26, 2020. As set forth in more detail below, the remedy awarded by the Court is incorrect in one respect. The Court purported to vacate and set aside the challenged agency action only within the State of Maryland. The Administrative Procedure Act ("APA") requires, however, that agency action found to be unlawful at the final judgment stage of a case be vacated and set aside on a nationwide basis. *See* 5 U.S.C. § 706(2); *infra* at 4-8. Accordingly, the City requests that the Court amend its judgment to vacate and set aside the challenged agency action without geographic limitation.

### BACKGROUND

On April 12, 2019, Plaintiff Mayor and City Council of Baltimore (the "City") filed this case challenging a final rule promulgated by the United States Department of Health and Human Services ("HHS") that would impose burdensome and unwarranted restrictions on participants in

1

a program intended to provide family planning and preventative healthcare services to low-income individuals. *See* Compl. for Vacatur of Unlawful Agency Rule & Declaratory & Injunctive Relief (ECF No. 1) ("Compl.") at 1-9; *Compliance with Statutory Program Integrity Requirements*, 84 Fed. Reg. 7,714 (Mar. 4, 2019), *codified at* 42 C.F.R. Part 59 ("Final Rule"). The City's Complaint asserted the following ten claims:

- Count I—The Final Rule violates the APA because it is contrary to the Affordable Care Act's non-interference provision;

- Count II—The Final Rule violates the APA because it is contrary to the nondirective mandate set forth in the Consolidated Appropriations Act of 2018;

- Count III—The Final Rule violates the APA because it is contrary to Title X of the Public Health Service Act;

- Count IV—The Final Rule violates the APA because it is contrary to the Religious Freedom Restoration Act;

- Count V—The Final Rule violates the APA because it is contrary to the First Amendment;

- Count VI—The Final Rule violates the APA because it is contrary to the Due Process Clause of the Fifth Amendment;

- Count VII—The Final Rule violates the APA because it is arbitrary and capricious insofar as it is inadequately justified;

- Count VIII—The Final Rule violates the APA because it is arbitrary and capricious insofar as it is objectively unreasonably;

- Count IX—The Final Rule violates the APA because HHS failed to observe procedure required by law when promulgating it; and

- Count X—The Final Rule violates the APA because it is contrary to the Constitution's prohibition on vague laws.

Compl. at 47-67. The City requested several forms of relief from these APA violations, including that the Court "[s]et aside and vacate the Final Rule." *Id.* at 67.

On April 16, 2019, the City moved for a preliminary injunction of enforcement of the Final Rule within the State of Maryland. Pl.'s Mem. in Supp. of Mot. for a Prelim. Inj. (ECF No. 11-1)

at 35 ("[W]e request the Court issue an injunction against enforcement of the Rule in Maryland."). On May 30, 2019, the Court granted the City's motion for a preliminary injunction based on Counts I and II of the Complaint. *See* Mem. Op. (ECF No. 43) at 3. Specifically, the Court held that Defendants "shall be enjoined from implementing or enforcing any portion of the Final Rule in the State of Maryland during the pendency of this litigation and until this matter is resolved on the merits." *Id.* (footnote omitted). The Court noted that "a preliminary injunction that is limited to Maryland is narrowly tailored to avoid irreparable harm to the sole Plaintiff, Baltimore City." *Id.* at 27.[1]

Subsequently, on February 14, 2020, the Court entered summary judgment for the City on Counts VII and VIII, holding that "the proposed rule as promulgated violates the Administrative Procedure Act in that it is arbitrary and capricious, being inadequately justified and objectively unreasonable."[2] Mem. Op. (ECF No. 93) at 4. It ordered that "[t]he Defendants, and all other officers, agents, employees and attorneys of the Department of Health and Human Services, are PERMANENTLY ENJOINED in the State of Maryland from implementing or enforcing the [Final Rule]." Order (ECF No. 94) at 1. On February 26, 2020, in response to a motion by the City, the Court clarified that the effect of its prior order was to vacate and set aside the Final Rule in the State of Maryland. Mem. Order (ECF No. 99) at 1, 3.

On February 24, 2020, Defendants appealed the Court's entry of summary judgment, *see* Notice of Appeal (ECF No. 95), and on February 28, 2020, they filed a motion for a stay pending

---

[1] Defendants appealed the preliminary injunction, *see* Notice of Interlocutory Appeal (ECF No. 48), and the Fourth Circuit stayed the preliminary injunction pending its disposition of the appeal, *see* Order (ECF No. 58).

[2] The Court entered summary judgment for Defendants on Counts III, V, VI, and IX. Mem. Op. (ECF No. 93) at 4-5. The Court had previously dismissed Counts IV and X without prejudice. Mem. Order (ECF No. 74) at 2, 20-21.

appeal in this Court, *see* Mot. for Stay of J. Pending Appeal (ECF No. 100). The Court denied that motion on March 4, 2020. Mem. Order (ECF No. 102) at 1, 5. In the course of its ruling, the Court declined the City's request to clarify that the Final Rule had been vacated without limitation and explained that "this Court has been explicit that the scope of the injunction is limited to the State of Maryland." *Id.* at 1 n.1. On March 6, 2020, Defendants then filed a motion for stay pending appeal in the Fourth Circuit. *See* Mot. for Stay Pending Appeal (No. 20-1215, ECF No. 14). The City filed its opposition on March 12, 2020. *See* Resp. in Opp'n to Mot. for Stay Pending Appeal (No. 20-1215, ECF No. 17).

## ARGUMENT

### I.     Legal Standard.

A party may move a district court "to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Fourth Circuit has recognized three grounds for amending a judgment pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *accord GO Comput., Inc. v. Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007); *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002); *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994).

Here, the City urges the Court to amend the summary judgment order it entered on February 14, 2020, to correct a clear error of law in the nature and scope of the remedy it ordered.

### II.    The APA Requires That the Final Rule Be Vacated and Set Aside on a Nationwide Basis.

The Court's summary judgment order is incorrect in one respect. Namely, it purports to limit the scope of the vacatur of the Rule to the State of Maryland.

4

First, it is worth noting that injunctive relief and vacatur are distinct remedies. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010). At the final judgment stage of a case, vacatur is the presumptive remedy for an APA violation. *See* 5 U.S.C. § 706(2); *Sierra Club v. U.S. Army Corps of Eng'rs*, 909 F.3d 635, 655 (4th Cir. 2018); *Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) ("When a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed."). In contrast, an injunction is a more significant remedy. *Monsanto*, 561 U.S. at 165. A court is not remiss in ordering vacatur alone but not an accompanying injunction. *Id.* Vacatur is absolutely warranted in this case, and as the Court indicated in its February 26, 2020 order, it did, in fact, vacate and set aside the Final Rule. *See* Mem. Order (ECF No. 99) at 1, 3.

But the Court clearly erred in limiting the geographic scope of the vacatur to the State of Maryland. *See* Mem. Order (ECF No. 99) at 1, 3. It does not make sense to speak of "vacatur" in party-based or geographic terms. Vacatur, by its very nature, is a holding that a rule is unlawful. When a rule is vacated the rule ceases to be effective. That is, the agency has been told that the rule is unenforceable. It is analogous to the Supreme Court "vacating" an opinion by a court of appeals. When the opinion is vacated it no longer carries legal significance, not just for the parties to that case, but for all purposes. Like a vacated court opinion, when agency action is "set aside," it is "vacate[d]," "annul[led]," "render[ed] void," "deprive[d] of force," and "ma[d]e of no authority or validity." *Action on Smoking & Health v. Civil Aeronautics Bd.*, 713 F.2d 795, 797 (D.C. Cir. 1983) (per curiam). There is no way for an agency to lawfully enforce a vacated rule anywhere or against anyone once an Article III court has held that the rule is legally invalid. An

order vacating a rule is not an injunction—it does not carry the threat of contempt or court sanctions—but is nonetheless sufficient to defeat its legality in use.

Thus, every court to expressly consider the issue has concluded that an order vacating agency action under 5 U.S.C. § 706(2) must be nationwide in scope. *See City & Cty. of S.F. v. Azar*, 411 F. Supp. 3d 1001, 1025 (N.D. Cal. 2019) ("Importantly, HHS does not and cannot cite to instances where a rule has been vacated in its entirety, but limited only to the parties. All of the courts that have been presented with the possibility of such a remedy have rejected it."), *appeal filed*, No. 20-15398 (9th Cir. Mar. 9, 2020); *O.A. v. Trump*, 404 F. Supp. 3d 109, 152-53 (D.D.C. 2019) ("To the extent Defendants argue that the vacatur remedy should be limited to the plaintiffs in this case, that contention is both at odds with settled precedent and difficult to comprehend."), *appeal filed*, No. 19-5272 (D.C. Cir. Oct. 11, 2019); *N.M. Health Connections v. U.S. Dep't of Health & Human Servs.*, 340 F. Supp. 3d 1112, 1183 (D.N.M. 2018) ("[T]he Court cannot, in an intellectually honest manner, limit vacatur of the rules to the state of New Mexico . . . . The main Department of Justice lawyer advised that he was not sure if the department had ever asked for relief to be limited to one state before doing so in this case and did not know of anyone else in the United States asking for such relief."), *rev'd on other grounds*, 946 F.3d 1138 (10th Cir. 2019); *Desert Survivors v. U.S. Dep't of the Interior*, 336 F. Supp. 3d 1131, 1134 (N.D. Cal. 2018) ("The Court . . . rejects Defendants' argument that the Court should place a geographical limitation on the vacatur of the SPR Policy on the basis of Article III standing."); *see also E. Bay Sanctuary Covenant v. Trump*, __ F.3d ___, Nos. 18-17274, 18-17436, 2020 WL 962336, *24 (9th Cir. Feb. 28, 2020) ("Because of the broad equitable relief available in APA challenges, a successful APA claim by a single individual can affect an 'entire' regulatory program." (citation omitted)).

This conclusion flows in part from the Supreme Court's decision in *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). There, Justice Blackmun, "writing in dissent but apparently expressing the view of all nine Justices," *O.A.*, 404 F. Supp. 3d at 153 (quoting *Nat'l Mining Ass'n*, 145 F.3d at 1409), explained that:

> The Administrative Procedure Act permits suit to be brought by any person "adversely affected or aggrieved by agency action." In some cases the "agency action" will consist of a rule of broad applicability; and if the plaintiff prevails, the result is that the rule is invalidated, not simply that the court forbids its application to a particular individual. Under these circumstances a single plaintiff, so long as he is injured by the rule, may obtain "programmatic" relief that affects the rights of parties not before the court. On the other hand, if a generally lawful policy is applied in an illegal manner on a particular occasion, one who is injured is not thereby entitled to challenge other applications of the rule.

*Lujan*, 497 U.S. at 913 (Blackmun, J., dissenting) (citation omitted). "As understood by the D.C. Circuit in *National Mining Association*, this view was shared by the three Justices who joined Justice Blackman's dissent, and by the majority." *O.A.*, 404 F. Supp. 3d at 153 (citing *Nat'l Mining Ass'n*, 145 F.3d at 1409). The latter observed that a final agency action may "be challenged under the APA by a person adversely affected—and the entire [agency program], insofar as the content of the particular action is concerned, would thereby be affected." *Lujan*, 497 U.S. at 890 n.2.

Notably, courts have distinguished between the propriety of ordering nationwide relief at the preliminary injunction stage of a case and the final judgment stage. *See, e.g.*, *City & Cty. of S.F.*, 411 F. Supp. 3d at 1025; *O.A.*, 404 F. Supp. 3d at 152-53. In *City and County of San Francisco*, for example, the court acknowledged that "in the past, our court of appeals has vacated nationwide preliminary injunctions when the record only demonstrated the impact the ruling would have on plaintiffs and not on the nation as a whole or when limited relief was sufficient to provide complete relief to the plaintiffs." 411 F. Supp. 3d at 1025. It went on to explain, however, that "[t]hose cases did not . . . involve motions for summary judgment in which an entire rule was set aside." *Id.* There, as here, the court's decision to vacate the challenged rule was "based on the

administrative record and not on any considerations specific to the plaintiffs." *Id.* Thus, while it was appropriate for this Court to limit the scope of its preliminary injunction to the State of Maryland, it was erroneous for the Court to limit its ultimate vacatur of the Final Rule to the State of Maryland.

## CONCLUSION

For the reasons set forth above, the City respectfully requests that the Court amend the summary judgment order entered in this case to vacate and set aside the Final Rule without any geographic limitation.

administrative record and not on any considerations specific to the plaintiffs." *Id.* Thus, while it was appropriate for this Court to limit the scope of its preliminary injunction to the State of Maryland, it was erroneous for the Court to limit its ultimate vacatur of the Final Rule to the State of Maryland.

## CONCLUSION

For the reasons set forth above, the City respectfully requests that the Court amend the summary judgment order entered in this case to vacate and set aside the Final Rule without any geographic limitation.

Dated: March 13, 2020

Respectfully submitted,

<div style="display: flex;">

Suzanne Sangree, Bar No. 26130
*Senior Counsel for Public Safety &*
  *Director of Affirmative Litigation*
Jane H. Lewis, Bar No. 20981
*Assistant City Solicitor*
CITY OF BALTIMORE
  DEPARTMENT OF LAW
City Hall, Room 109
100 N. Holliday Street
Baltimore, MD 21202
443-388-2190
suzanne.sangree2@baltimorecity.gov
jane.lewis@baltimorecity.gov

Priscilla J. Smith (*pro hac vice*)
Faren M. Tang (*pro hac vice*)
REPRODUCTIVE RIGHTS &
  JUSTICE PROJECT
YALE LAW SCHOOL
319 Sterling Place
Brooklyn, NY 11238
priscilla.smith@ylsclinics.org
127 Wall Street
New Haven, CT 06511
faren.tang@ylsclinics.org

**ARNOLD & PORTER**
  **KAYE SCHOLER LLP**

By: */s/ Andrew Tutt*
    Andrew T. Tutt (*pro hac vice*)
    Drew A. Harker (*pro hac vice*)
    ARNOLD & PORTER
      KAYE SCHOLER LLP
    601 Massachusetts Ave., NW
    Washington, DC 20001
    (202) 942-5000
    (202) 942-5999 (fax)
    andrew.tutt@arnoldporter.com
    drew.harker@arnoldporter.com

    Stephanie Toti (*pro hac vice*)
    LAWYERING PROJECT
    25 Broadway, Fl. 9
    New York, NY 10004
    646-490-1083
    stoti@lawyeringproject.org

</div>

*Counsel for Mayor and City Council of Baltimore*

**CERTIFICATE OF SERVICE**

I certify that on March 13, 2020, I filed the foregoing with the Clerk of the Court using the ECF System which will send notification of such filing to the registered participants identified on the Notice of Electronic Filing.

>/s/ Andrew Tutt
>Andrew Tutt
>ARNOLD & PORTER
>    KAYE SCHOLER LLP
>601 Massachusetts Ave., NW
>Washington, DC 20001
>(202) 942-5000
>(202) 942-5999 (fax)
>andrew.tutt@arnoldporter.com