FILED: March 27, 2020
AMENDED: March 30, 2020
AMENDED: March 31, 2020

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 19-1614 (L)
(1:19-cv-01103-RDB)

_____

MAYOR AND CITY COUNCIL OF BALTIMORE

 Plaintiff - Appellee

v.

ALEX M. AZAR, II, in his official capacity as the Secretary of Health and Human Services; DIANE FOLEY, M.D., in her official capacity as the Deputy Assistant Secretary, Office of Population Affairs; UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES; OFFICE OF POPULATION AFFAIRS

 Defendants - Appellants

------------------------------

OHIO; ALABAMA; ARKANSAS; INDIANA; KANSAS; LOUISIANA; NEBRASKA; OKLAHOMA; SOUTH CAROLINA; SOUTH DAKOTA; TENNESSEE; TEXAS; UTAH; WEST VIRGINIA

 Amici Supporting Appellant

NEW YORK, NEW YORK CITY HEALTH + HOSPITALS AND 10 LOCAL GOVERNMENTS; NATIONAL HEALTH LAW PROGRAM; ADVOCATES FOR YOUTH; AMERICAN MEDICAL STUDENT ASSOCIATION; AMERICAN SOCIETY FOR REPRODUCTIVE MEDICINE; COMMUNITY CATALYST; THE ENDOCRINE SOCIETY; FAMILIES USA; IN OUR OWN VOICE: NATIONAL BLACK WOMEN'S REPRODUCTIVE JUSTICE AGENDA; JUVENILE LAW CENTER; THE LEADERSHIP CONFERENCE ON CIVIL AND HUMAN RIGHTS; NATIONAL COUNCIL OF JEWISH WOMEN; NARAL PRO-CHOICE AMERICA; NATIONAL ABORTION FEDERATION; NATIONAL IMMIGRATION LAW CENTER; NATIONAL INSTITUTE FOR REPRODUCTIVE HEALTH; NATIONAL LATINA INSTITUTE FOR REPRODUCTIVE HEALTH; NATIONAL

PARTNERSHIP FOR WOMEN & FAMILIES; NATIONAL WOMEN'S HEALTH NETWORK; NATIONAL WOMEN'S LAW CENTER; NORTHWEST HEALTH LAW ADVOCATES; POSITIVE WOMEN'S NETWORK-USA; POWER TO DECIDE; UNION FOR REFORM JUDAISM; CENTRAL CONFERENCE OF AMERICAN RABBIS; WOMEN OF REFORM JUDAISM; MEN OF REFORM JUDAISM; UNITE FOR REPRODUCTIVE & GENDER EQUITY; WHITMAN-WALKER HEALTH; WOMENHEART; YWCA OF THE USA; NATIONAL CENTER FOR LESBIAN RIGHTS; GLMA: HEALTH PROFESSIONALS ADVANCING LGBT EQUALITY; THE LGBT MOVEMENT ADVANCEMENT PROJECT; NATIONAL LGBTQ TASK FORCE; EQUALITY FEDERATION; SEXUALITY INFORMATION AND EDUCATION COUNCIL OF THE UNITED STATES; FAMILY EQUALITY COUNCIL; THE NATIONAL CENTER FOR TRANSGENDER EQUALITY; HIV MEDICINE ASSOCIATION; GLBTQ LEGAL ADVOCATES & DEFENDERS; LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INCORPORATED; THE HUMAN RIGHTS CAMPAIGN; TRANSGENDER LAW CENTER; BAY AREA LAWYERS FOR INDIVIDUAL FREEDOM; THE INSTITUTE FOR POLICY INTEGRITY AT NEW YORK UNIVERSITY SCHOOL OF LAW; NATIONAL CENTER FOR YOUTH LAW; AMERICAN ACADEMY OF PEDIATRICS; AMERICAN COLLEGE OF OBSTETRICIANS AND GYNECOLOGISTS; AMERICAN COLLEGE OF PHYSICIANS;
SOCIETY FOR ADOLESCENT HEALTH AND MEDICINE; SOCIETY FOR MATERNAL FETAL MEDICINE

   Amici Supporting Appellee

------------------------------

No. 20-1215
(1:19-cv-01103-RDB)

------------------------------

MAYOR AND CITY COUNCIL OF BALTIMORE

   Plaintiff - Appellee

v.

ALEX M. AZAR, II, in his official capacity as the Secretary of Health and Human Services; DIANE FOLEY, M.D., in her official capacity as the Deputy Assistant Secretary, Office of Population Affairs; UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES; OFFICE OF POPULATION AFFAIRS

   Defendants - Appellants

_____

O R D E R

_____

Upon consideration of submissions in case No. 20-1215 relative to the government's motion for a stay pending appeal of the district court's permanent injunction, the court denies the motion.

    For the Court

    /s/ Patricia S. Connor, Clerk

THACKER, Circuit Judge, concurring in grant of initial hearing en banc and denial of the motion to stay:

My dissenting colleague and I agree on one thing -- initial hearing en banc requires extraordinary circumstances. I am convinced this case presents an extraordinary circumstance. The final agency rule at issue here has forced Planned Parenthood, Baltimore, and numerous states to withdraw from the Title X program. The short-term nature of pregnancy, the brief window for obtaining a legal abortion, and the imminent harm to the City of Baltimore and its residents counsel in favor of expedited, initial en banc consideration.

Moreover, I firmly disagree with the suggestion that initial hearing en banc in this case -- duly chosen by the majority of active judges -- is anything less than a "purposeful procedure." *Infra* at 7. To the contrary, the Federal Rules and statutory law clearly provide for such a procedure. *See* Fed. R. App. P. 35(a) ("A majority of the circuit judges who are in regular active service and who are not disqualified may order that an appeal or other proceeding be *heard or reheard* by the court of appeals en banc." (emphasis supplied)); 28 U.S.C. § 46(c) ("Cases and controversies shall be heard and determined by a court or panel of not more than three judges . . . , unless a *hearing or rehearing* before the court in banc is ordered by a majority of the circuit judges of the circuit who are in regular active service" (emphasis supplied)). Our Local Rules similarly contemplate that rehearing or hearing en banc "is a review of the judgment or decision from which review is sought and not a review of the judgment of the panel." 4th Cir. Local R. 35(c). And the Supreme Court has recognized that "[section] 46(c) treats 'hearings' and 'rehearings' with equality" and that

4

the statute contemplates "initial hearing" en banc. *W. Pac. R. Corp. v. W. Pac. R. Co.*, 345 U.S. 247, 259 (1953).

The disagreement between the majority of the active judges and our dissenting colleague is just that -- a disagreement. Nothing nefarious to see here.

My colleague also references a tradition of the "past fifty years" that purportedly eschewed initial en banc review. *Infra* at 7. But this assertion is belied by history. Besides being fully authorized under statute, initial hearing en banc has traditionally been utilized to address the legality of nationwide executive or agency action. In fact, twice in the last three years, the majority of active judges of this court has voted to hear an appeal en banc in the first instance. *See Int'l Refugee Assistance Project v. Trump*, 883 F.3d 233 (4th Cir. 2018), *cert. granted, judgment vacated*, 138 S. Ct. 2710 (2018); *Int'l Refugee Assistance Project v. Trump*, 857 F.3d 554 (4th Cir. 2017), *vacated and remanded*, 138 S. Ct. 353 (2017). Moreover, the mechanism of initial hearing en banc is not absent from this court's history. Indeed, my dissenting colleague cites to the concurrence in the denial of initial hearing en banc in *Belk v. Charlotte-Mecklenburg Board of Education*, 211 F.3d 853 (4th Cir. 2000). But of note, in the same case, dissenting in the denial of an initial hearing en banc, Judge Luttig observed, "Our court has with some frequency considered cases en banc initially, as contemplated and authorized by statute." *Belk*, 211 F.3d at 861 (Luttig, J., dissenting in the denial of an initial hearing en banc) (noting "that five prior published opinions in [a precursor case] have all been initially decided by our court en banc").

And if we were to go back further, we find additional examples. *See, e.g.*, *Meadows v. Holland*, 831 F.2d 493, 494 (4th Cir. 1987) (initial hearing en banc), *vacated on other*

5

*grounds*, 489 U.S. 1049 (1989). The en banc court has even heard matters after a panel hearing but before an opinion was filed. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (en banc) ("[A] panel of this court heard argument. While the case was under submission, a majority of the court voted to hear it en banc."); *Thomasson v. Perry*, 80 F.3d 915, 921 (4th Cir. 1996) (en banc) (same); *Wright v. Nat'l Archives & Records Serv.*, 609 F.2d 702, 706 n.3 (4th Cir. 1979) (en banc) ("This appeal was originally heard on April 5, 1978 by a panel of the Court. Before any panel opinion was filed, rehearing en banc was ordered."); *Hirschknop v. Snead*, 594 F.2d 356, 361 n.\* (4th Cir. 1979) (en banc) (noting the Court ordered rehearing en banc after an opinion was circulated but before it was filed); *Hirst v. Comm'r*, 572 F.2d 427, 428 (4th Cir. 1978) (en banc) (per curiam) (same).

Therefore, because the majority ruling here is far from a "sharp break with settled practice," *infra* at 7, I find my colleague's concerns to be of no moment, and I concur in the grant of initial hearing en banc, and the denial of the motion to stay.

RICHARDSON, Circuit Judge, dissenting from the order denying the motion to stay:

In a sharp break with settled practice, our Court invokes the once-extraordinary mechanism of initial-en-banc review to circumvent our conventional three-judge panel process. We used to place great value in entrusting a panel of our colleagues with first adjudicating the appeal. Doing so not only fostered collegiality but reflected the value of deciding even controversial matters with adherence to a purposeful procedure. We departed from this procedure in only the rarest of extraordinary circumstances. *See Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 211 F.3d 853 (4th Cir. 2000) (Wilkinson, C.J., concurring in the denial of an initial hearing en banc). For the past fifty years, we followed this practice through varied administrations and court compositions. Times have changed.

After taking the case from the assigned panel, the en banc Court then denies the government's motion for a stay of the district court's order. That order enjoined an agency rule that amended regulations governing federal grants for preconception family-planning programs. The agency's amendments essentially returned those regulations to the version that the Supreme Court blessed in *Rust v. Sullivan*, 500 U.S. 173 (1991). Even so, the district court found some of the rule's provisions to be "arbitrary and capricious." Having found *some* provisions improper, the court enjoined enforcement of the *entire* rule. And it did so for the *whole* State of Maryland, even though only the City of Baltimore sued. I would grant the motion for a stay, particularly as the district court's injunction applies to provisions never held to be unlawful and is geographically broader than necessary.

7