IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| MAYOR AND CITY COUNCIL OF BALTIMORE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-19-1103 |
| ALEX M. AZAR II, Secretary of Health and Human Services, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case involves the challenge by the Mayor and City Council of Baltimore ("Plaintiff" or "Baltimore City") to a rule promulgated by the United States Department of Health and Human Services ("HHS" or "the Government") that would amend federal regulations with respect to the funding of family planning services. On May 30, 2019, this Court granted a preliminary injunction with respect to Counts I and II of the Complaint, finding that this rule violated provisions of the Affordable Care Act, 42 U.S.C. § 18114, as well as the Consolidated Appropriations Act of 2018. While this Court's opinion was appealed by the Government, the remaining eight counts of the ten-Count Complaint remained pending. Finally, on February 14, 2020, this Court granted summary judgment in favor of Baltimore City on Counts VII and VIII, finding that the HHS Final Rule violates the Administrative Procedure Act ("APA") "in that it is arbitrary and capricious, being inadequately justified and objectively unreasonable." (ECF No. 93.) The Court's Order also granted a permanent injunction of the Final Rule in the State of Maryland. (ECF No. 94.) On February 26, 2020,

in response to a motion filed by Baltimore City, the Court clarified that the effect of its February 14, 2020 order was to vacate and set aside the Final Rule in the State of Maryland. (ECF No. 99.)

Presently pending is Plaintiff's Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 103.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018).[1] For the reasons that follow, Plaintiff's Motion to Alter or Amend the Judgment (ECF No. 103) shall be DENIED. While ruling in favor of Baltimore City on two prior occasions, this Court has consistently declined to enter nationwide relief. Indeed, Baltimore City has previously not requested a nationwide injunction.

## BACKGROUND

The background of this case was discussed at length in three prior opinions issued by this Court: (1) the Memorandum Opinion of May 30, 2019 granting Plaintiff's Motion for Preliminary Injunction (ECF No. 43); (2) the Memorandum Order of September 12, 2019, granting in part and denying in part Defendants'[2] Motion to Dismiss (ECF No. 74); and (3) the February 14, 2020 Memorandum Opinion granting summary judgment in favor of Plaintiff on Counts VII and VIII, granting summary judgment in favor of Defendants on Counts III,

---

[1] Pursuant to Standing Order 2020-07, the United States District Court for the District of Maryland has suspended all non-emergency proceedings through June 5, 2020 due to the exigent circumstances created by the COVID-19 Pandemic. In light of consolidated pending appeals to the United States Court of Appeals for the Fourth Circuit, the parties sought an immediate ruling from this Court on Plaintiff's Motion to Alter or Amend the Judgment (ECF No. 103), as an appeal could not become effective until this Court's ruling on said Motion. Accordingly, this Court this Court conducted a telephone conference off the record by agreement of counsel on April 14, 2020.

[2] The Defendants in this case are the Department of Health and Human Services; the Honorable Alex M. Azar, II, in his official capacity as the Secretary of Health and Human Services; the Office of Population Affairs; and Diane Foley, M.D., in her official capacity as the Deputy Assistant Secretary of the Office of Population Affairs.

V, VI, and IX, and granting a permanent injunction of the HHS Final Rule in the State of Maryland (ECF No. 93).

In brief, Congress enacted Title X almost fifty years ago, in 1970, to address low-income individuals' lack of equal access to family planning services.  (Compl. ¶ 2, ECF No. 1.)  The federal grant program has been providing $1,430,000 each year to the City of Baltimore and serves over 16,000 patients per year at 23 sites in the City.  (*Id.* at ¶ 1.)  On March 4, 2019, HHS published the Final Rule in the Federal Register amending the regulations developed to administer Title X.  (*Id.* at ¶ 3.)

On April 12, 2019, Baltimore City brought a ten-Count Complaint against the Defendants based on its promulgation of the Final Rule, alleging statutory and constitutional violations.  (ECF No. 1.)  On April 14, 2019, the City also sought a preliminary injunction "against enforcement of the Rule in Maryland."  (Pl.'s Preliminary Injunction Mot. at 35, ECF No. 11-1.)  On May 30, 2019, this Court granted Plaintiff's requested relief, implementing a preliminary injunction in the State of Maryland only.  (ECF Nos. 43, 44.)  The Court's decision addressed the likelihood of success on the merits of only Count I (Violation of APA, 5 U.S.C. § 706—Contrary to Law—Contrary to Affordable Care Act's Non-Interference Provision, 42 U.S.C. § 18114) and Count II (Violation of APA § 706—Contrary to Law—Contrary to Nondirective Mandate of the Consolidated Appropriations Act of 2018) of Plaintiff's Complaint, finding that the HHS Final Rule likely violated provisions of the Affordable Care Act and the Consolidated Appropriations Act.  (*Id.*)

The Government appealed the preliminary injunction decision to the United States Court of Appeals for the Fourth Circuit and moved to stay the injunction pending appeal in

both the Fourth Circuit and this Court. (ECF Nos. 48, 49; USCA No. 19-1614.) This Court denied the Government's stay motion, but a divided panel of the Fourth Circuit granted the Government's Motion to Stay the Injunction Pending Appeal on July 2, 2019. (ECF Nos. 56, 58.)

On September 12, 2019, this Court dismissed Count IV (Violation of APA § 706—Contrary to Law—Contrary to Religious Freedom Restoration Act of 1993) and Count X (Violation of APA—Contrary to Constitutional Right—Unconstitutionally Vague) without prejudice. (ECF No. 74.) On February 14, 2020, having heard arguments of counsel and having conducted a thorough review of the Administrative Record, this Court addressed the remaining Counts in the Complaint that were not on appeal in conjunction with the preliminary injunction. (*See* ECF Nos. 93, 94.) Specifically, the Court granted summary judgment in favor of Baltimore City on Count VII (Violation of APA-Arbitrary and Capricious-Inadequately Justified) and Count VIII (Violation of APA-Arbitrary and Capricious-Objectively Unreasonable). (*Id.*) The Court granted summary judgment in favor of the Government on Count III (Violation of APA § 706—Contrary to Law—Contrary to Title X, 42 U.S.C. §§ 300(a), 300a(a)), Count V (Violation of APA § 706—Contrary to Constitutional Right—First Amendment), Count VI (Violation of APA—Contrary to Constitutional Right—Equal Protection Under Fifth Amendment), and Count IX (Violation of APA—Without Observance of Procedure Required by Law). (*Id.*) The Court also entered a permanent injunction of the HHS Final Rule in the State of Maryland. (*Id.*) On February 26, 2020, in response to a motion filed by Baltimore City, the Court clarified that the effect of its February 14, 2020 Order was to vacate and set aside the Final Rule in the State of Maryland,

as vacatur in the State of Maryland was the precise effect of the Court's permanent injunction of the Final Rule in Maryland. (ECF No. 99.)

The Government appealed this Court's summary judgment ruling to the Fourth Circuit on February 24, 2020, and filed a Motion to Stay the Court's ruling pending appeal in both this Court and in the Fourth Circuit. (ECF Nos. 95, 100; USCA No. 20-1215.) This Court denied the Government's Motion to Stay on March 4, 2020. (ECF No. 102.) On March 13, 2020, Baltimore City filed the presently pending Motion to Alter or Amend the Judgment, seeking a nationwide injunction of the HHS Final Rule instead of the state-wide injunction the Court had ordered. (ECF No. 103.)

On March 30, 2020, the Fourth Circuit denied Defendants' Motion to Stay this Court's February 14, 2020 Order with respect to the entry of summary judgment in favor of Baltimore City, and granted an initial hearing en banc. (ECF Nos. 106, 107.) The Fourth Circuit also consolidated the Government's two appeals in this case, USCA number 19-1614 and USCA number 20-1215. (*Id.*) On April 10, 2020, the Government sought a ruling from this Court on Plaintiff's Motion to Alter or Amend the Judgment because Federal Rule of Appellate Procedure 4(B)(i) provides that an appeal does not become effective until the District Court disposes of certain motions, including a motion to amend under Rule 59(e). (ECF No. 114.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) authorizes a district court to alter, amend, or vacate a prior judgment. The Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct

a clear error of law or to prevent manifest injustice." *See Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming v. Maryland-National Capital Park & Planning Commission*, DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

Under Federal Rule of Appellate Procedure 4(B)(i), "if a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A) [including a motion under Rule 59(e)]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."

## ANALYSIS

Baltimore City moves to amend this Court's judgment, which vacated the HHS Final Rule and granted a permanent injunction in the State of Maryland. (ECF Nos. 93, 94, 99.) The City asserts that this Court must correct "a clear error of law" in its judgment because the "APA requires" that the Final Rule be vacated and set aside on a nationwide basis, without geographic limitation. To be sure, the Administrative Procedure Act ("APA") requires a reviewing court to:

> hold unlawful and set aside agency action … found to be … (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B)

> contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; [or] (D) without observance of procedure required by law….

5 U.S.C. §§ 706(2)(A)-(D). Contrary to the City's assertion, however, the APA does not require a reviewing court vacating a rule to do so on a nationwide basis. There is no authority in either Fourth Circuit or Supreme Court jurisprudence that mandates such a finding. As a result, the City fails to meet its burden under Rule 59(e) to establish this Court's need to correct a "clear error of law." Not only has the City failed to meet its burden, its arguments for a nationwide injunction fail on their merits.

As a preliminary matter, Baltimore City has never previously sought vacatur of the Final Rule on a nationwide basis. Instead, the City's Complaint asks the Court to "set aside and vacate the Final Rule" and "issue preliminary and permanent injunctive relief…enjoining Defendants…from enforcing, threatening to enforce, or otherwise applying the provisions of the Final Rule against *Plaintiff and its subgrantees*." (Compl. at 67, ECF No. 1 (emphasis added).) The City's Motion for Preliminary Injunction sought relief specifically "against enforcement of the Rule in Maryland." (Pl.'s Preliminary Injunction Mot. at 35, ECF No. 11-1.) When this Court granted such preliminary injunctive relief, the City did not take any exception to the state-wide injunction. Finally, in its summary judgment motion, the City requested that "the Court grant summary judgment in Baltimore City's favor, vacate the challenged Rule…and enter an order awarding appropriate equitable relief." (ECF No. 81 at 1.) In each of these instances, and particularly on summary judgment, the City had the opportunity to clarify the nature of relief it sought, and it did not seek vacatur on a nationwide basis.

Furthermore, in addressing the City's arguments on their merits, this Court is not persuaded that vacatur must be nationwide. The City relies principally on a District of Columbia case, *O.A. v. Trump*, which determined that a permanent injunction of the Secretary of Homeland Security's interim final rule, barring "eligibility for asylum for certain aliens," was unnecessary because the court decided instead to order a nationwide vacatur of the agency rule at issue. 404 F. Supp. 3d 109, 152-54 (D.D.C. 2019), *appeal filed* No. 19-5272 (D.C. Cir. Oct. 11, 2019). In *O.A.*, the District Court explained that "[t]he D.C. Circuit has 'made clear that "[w]hen a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—*not that their application to the individual petitioners is proscribed*."'" *Id.* at 153 (quoting *Nat'l Mining Ass'n v. U.S. Army Corps of Engineers*, 145 F.3d 1399, 1409 (D.C. Cir. 1998)). The Court further relied on Justice Blackmun's dissenting opinion in *Lujan v. National Wildlife Federation*, which noted,

> In some cases the "agency action" will consist of a rule of broad applicability; and if the plaintiff prevails, the result is that the rule is invalidated, not simply that the court forbids its application to a particular individual. Under these circumstances a single plaintiff, so long as he is injured by the rule, may obtain "programmatic" relief that affects the rights of the parties not before the court.

*Id.* (quoting *Lujan*, 497 U.S. 871, 913 (1990) (Blackmun, J., dissenting)). As a result, the Court found that the rule barring eligibility for asylum for certain aliens had to be vacated on a nationwide basis, questioning as a practical matter "[w]hat would it mean to 'vacate' a rule as to some but not other members of the public." *Id.*

The decision in *O.A.* is distinguishable in several ways. First, it interprets Justice Blackmun's dissenting opinion to mean that whenever a rule of "broad applicability" is invalidated as to a particular plaintiff, then any relief *must* be "programmatic." However,

8

Justice Blackmun uses permissive, not mandatory, language, when discussing the effect of such rule invalidation, noting that a plaintiff "may" obtain broader relief. In addition, the practical concern of vacating the asylum rule only as to the plaintiffs in *O.A.*, a case brought as a class action, is not present in this case. The plaintiffs in *O.A.*, comprising nineteen individuals from various countries who had entered the United States and were allegedly subject to the new rule, as well as two nonprofit organizations that provided legal services to refugees, specifically sought nationwide relief, asking the court to "issu[e] an injunction that provides Plaintiffs complete relief and also prevents the [g]overnment from harming other similarly situated individuals." 404 F. Supp. 3d at 152 (quoting Plaintiffs' Br., Dkt No. 73 at 29-31). As a result, the Court's decision to vacate the asylum rule on a nationwide basis afforded the complete relief sought by plaintiffs.

Such factors are not present in this case, where a permanent injunction in the State of Maryland, effectively resulting in vacatur of the HHS Final Rule in the State of Maryland, is precisely what Baltimore City has sought from the inception of this litigation. The Fourth Circuit has established that "an injunction should be carefully addressed to the circumstances of the case." *Va. Soc'y for Human Life Inc. v. FEC*, 263 F.3d 379, 393-94 (4th Cir. 2001), *overruled on other grounds by The Real Truth About Abortion, Inc. v. FEC*, 681 F.3d 544 (4th Cir. 2012).[3] While the City urges this Court to find meaning in the difference between the remedy of

---

[3] As this Court has previously noted in both its Memorandum Opinion granting a preliminary injunction and its Memorandum Opinion granting a permanent injunction, this Court is cognizant of the skepticism regarding the increased issuance of nationwide injunctions by United States District Court Judges. (*See* ECF No. 43 at 27 n.12; ECF No. 93 at 26 n.8 (citing *Trump v. Hawaii*, 138 S.Ct. 2392 (2018); *California v. Azar*, 385 F. Supp. 3d 960, 1021 (N.D. Cal. 2019)).) This Court has cautioned against the danger of nationwide injunctions leading to forum shopping. (*Id.*) As a result, this Court has emphasized the importance of the federal judiciary not allowing itself to become part of "underlying policy debate." (ECF No. 43 at 27 n.12 (quoting *Sierra Club v. Trump*, 2019 WL 2247689, at *1).)

vacatur as opposed to the remedy of permanent injunctive relief, this Court finds it to be a distinction without a difference in this case.  Nor, as the City concedes, is it a distinction that the Fourth Circuit or the Supreme Court have recognized to require nationwide vacatur when a rule is vacated in one state.

The City proffers only a case from the United States District Court for the Southern District of New York, now on appeal to the United States Court of Appeals for the Second Circuit, which rejected an argument by HHS that any relief from the rule at issue, whether a vacatur or injunction, should be limited only to New York.  *See New York v. United States Dep't of Health and Human Servs.*, 414 F. Supp. 3d 475, 578-79 (S.D.N.Y. 2019), *appeal filed* No. 20-0032 (2d Cir. Jan. 3, 2020).  The rule at issue in that case was a "federal conscience" rule promulgated by HHS that aimed to accommodate religious and moral objections to health care services provided by recipients of federal funds.  *Id.* at 497.  The New York court found HHS's argument for limited relief unpersuasive as the "plaintiffs in these cases span 19 States, the District of Columbia, several units of local government, and include a number of associations of health care providers," such that "the violations of the APA and the Constitution that were found [there] would equally imperil the Rule in the face of a similar challenge brought in any District and by any plaintiff with standing." *Id.*

This Court, in *Kravitz v. United States Dep't of Commerce*, 366 F. Supp. 3d 581 (D. Md. 2019), has also previously noted that nationwide injunctive relief may be appropriate when it could not be practically limited to one geographic area.  In granting a nationwide permanent injunction on the use of a citizenship question on the 2020 census questionnaire, the Court explained that "the injunctive relief requested…could not be practically limited to only one

geographic area or certain litigants." 366 F. Supp. 3d at 755 (D. Md. 2019). The nature of relief was appropriately nationwide because "the citizenship question [would] either be included or barred from 2020 Census on a nationwide basis." *Id.* That is clearly distinguishable here, where Baltimore City has addressed family planning services in Maryland and the effect of the Final Rule upon that funding. To be sure, different issues with respect to such funding under the Final Rule in question in this case may arise in different states.

In this case, Baltimore City has never previously sought nationwide relief. Furthermore, this Court has been explicit that the scope of any relief afforded to the City would be state-wide only to remedy the City's specific alleged harms in the State of Maryland. As a result, a permanent injunction limited to the State of Maryland, resulting in vacatur of the Rule only in Maryland, is both practical and reasonable to afford the City complete relief. More importantly, such a decision is well in line with the Fourth Circuit's precedent on the issue of nationwide relief. *See Va. Soc'y for Human Life Inc.*, 263 F.3d 379 at 394 ("Nothing in the language of the APA, however, requires us to exercise such far-reaching power."). While vacatur and injunctive relief may be distinct remedies, in this case, their result is the same: the proscription of enforcement of the HHS Final Rule in the State of Maryland. As a result, the City's Motion to Alter or Amend the Judgment to expand the relief from state-wide to nationwide is DENIED.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Alter or Amend the Judgment (ECF No. 103) is DENIED.

A separate Order follows.

Dated: April 15, 2020.

                                                 _____/s/_____
                                                 Richard D. Bennett
                                                 United States District Judge